THIBODEAUX, Chief Judge,
dissenting.
11 Today’s opinion allowing one penalty and not separate penalties for multiple *987 violations encourages illicit conduct. It undermines the purpose of penal provisions and encourages an employer to not pay for valid pharmaceutical claims. Essentially, all an employer or insurance company has to do is refuse to pay in a timely manner for any medication expenses when they are submitted and then pay one lump sum at some point in the future. In a response to a demand for penalties, it consequently can validly argue that one claim is implicated and not multiple claims. This opinion guts the very reason that penalties are imposed.
Louisiana Revised Statutes 23:1201(F) provides for “the assessment of a penalty ... for each disputed claim ...(Emphasis supplied). A “claim” is a “demand for particular benefits.” Fontenot v. Reddell Vidrine Water Dist., 02-439, p. 15 (La.1/14/03), 836 So.2d 14, 25. Here, it is undisputed that several demands were made requiring a penalty for each demand for payment of a claim up to the $8,000.00 maximum limit. I note that the employer in Fontenot argued against a broad interpretation of Section 1201. It argued that such an interpretation, as I am proposing, would give rise to a penalty for each late payment, nonpayment, or refusal |2to pay compensation and medical benefits. The Louisiana Supreme Court rejected this argument. So should we.
For the foregoing reasons, I respectfully dissent.